Dear Senator Landry:
Your opinion request has been forwarded to me for response. As I understand your question, it as follows:
 May funds from the Transportation Trust Fund (TTF) be used for the purpose of funding operational support expenses of the state police?
The law applicable to the question you have asked is found in Article 7, Section 27(B) of the State Constitution, which contains the following provision:
 "The monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with . . . state police for traffic control purposes . . . . "
Unfortunately, Article 7, Section 27 of the Constitution does not contain a definition of the term "traffic control purposes". However, it seems reasonable to assume that the costs of placing a state policeman, together with his/her patrol car, and the equipment which is necessary for traffic control, on the highways of the state, would clearly be within any consensus definition of "traffic control purposes".
It also seems reasonable to assume that the state trooper and his/her equipment are going to require some "support", in various forms, to enable him/her to continue to operate on the highways of the state. Therefore, the term "traffic control purposes" probably entails something more than simply a state trooper in his/her patrol car patrolling the highways of this State.
It should also be remembered that Constitutional Article 7, Section 27 provides that the TTF funds shall be used ". . . exclusively for the costs for and associated with . . . state police for traffic control purposes . . . ." (Emphasis added). Therefore, it appears that some expenditures for "support" were probably anticipated in the language of the state constitution. The difficult question then becomes, which expenses are truly "associated with . . . traffic control purposes" and are, therefore, legitimate and necessary, and which expenses are simply too far removed from actual traffic control operations to be constitutionally acceptable? Where does one draw the line?
It is apparent that the constitutional language "costs for and associated with . . . traffic control purposes" needs further definition, to specify what is and is not an acceptable expenditure under the constitution. However, we are of the opinion that this is a determination which should be made as an expression of legislative will, rather than as an expression of legal opinion. Accordingly, we do not feel that we can render an opinion giving either blanket approval or blanket disapproval to all items which might be designated by the state police as being for "operational support".
If you wish to discuss the matter with me further, please do not hesitate to give me a call.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RIP/JAS:pb 2424s